Borenstein, J.
This matter comes before the Court on plaintiffs motion for summary judgment. The plaintiff, city of Somerville (“the city”), alleges, on undisputed facts, that the defendants, Cournoyer and De Oliveira,[2] are operating the premises at 56 Bonair Street in Somerville (“the premises”), Massachusetts, in violation of the Somerville Zoning Ordinance. The city seeks judgment on its claim(s) and seeks to enjoin the current auto repair use of the property. Based on an examination of the record and arguments of counsel before me on September 14, 1999, for the reasons set forth below, the plaintiffs motion for summary judgment is ALLOWED. The defendants are also ordered to immediately cease and desist from continuing to use the property as an auto repair business, and to comply with all existing zoning ordinances.
I. BACKGROUND
The premises was used as an auto body shop and trucking company prior to 1965. Between 1965 and 1981, the premises was used for shipping and receiving. Between 1981 and 1991 the premises was used for truck storage. According to the summary judgment record, the following facts are undisputed: The premises is located in a RB district, which, since March 23, 1991,[3] has prohibited the property being used for “motor vehicle maintenance and minor repairs limited to engine tune-up, lubrication and installation of replacement parts, adjustment or replacement of brakes or tires, washing and polishing, but not including engine overhaul, body work or painting.”[4]
On July 17, 1991, in accordance with G.L. 40A s. 6,[5] the defendants petitioned the Somerville planning board “for a special permit to change previous nonconforming use (motor vehicle storage/garage) to another nonconforming use (classified as motor vehicle wash under SZO Sec. 7.11.11.13.1).”[6] The petition was approved as long as certain conditions were met and continuously followed. “There is prohibition of all auto repair, body work, and minor auto maintenance at the subject location.”[7] The premises was used for motor vehicle wash detailing from 1991-1993, consistent with the approved special permit. However, as the undisputed facts show, on February 1, 1998, the defendants began to use the premises for auto repairs in violation of the Somerville zoning ordinance and the Somerville planning board’s order.
On June 18, 1998, the city filed this complaint in order to ensure enforcement of the Somerville zoning ordinances and the Somerville licensing requirements. On January 7, 1999, the city filed a motion for summary judgment, and on March 16, 1999, a hearing was held on that motion. The plaintiff alleges that the Court held off on ruling on the motion for summary judgment and instructed the defendants to apply for a special permit from the city of Somerville within forty-five days. The plaintiff further alleges that the Court indicated that if the city granted the defendants a special permit, the zoning enforcement action would be moot and if the defendants did not apply for or receive the special permit, the Court would then issue a ruling. At the time the parties appeared before this Court for a hearing on September 14, 1999, the defendants had not applied for a special permit.
fi. DISCUSSION
A. Summary Judgment Standard
A motion for summary judgment is in order, and shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Mass.R.Civ.P. 56(c); Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other parly’s case, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), but may satisfy its burden by “demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat summary judgment, the nonmoving party must articulate specific facts, establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17. If the parties are disputing any material fact, summary judgment is improper. Id.
B. Non-Conforming Use
The plaintiffs claim that according to the undisputed material facts the defendants current use of the premises for auto repair work is a nonconforming use in violation of the Somerville zoning ordinance and the Somerville planning board’s order.
The defendants argue that the current use of the premises is not a violation of the Somerville zoning ordinance because the use of the premises for auto-repair work is a pre-existing nonconforming use as defined in G.L.c. 40A, §6. Although, the defendants *528 claim that they have continuously used the premises in part for the prior nonconforming use (truck storage /garage), this Court finds that the change in nonconforming use (to auto detailing) applied to the entire premises, not merely a portion of it.[8]
Pursuant to the aforementioned statute, “a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence or lawfully begun, or to a building or special permit issued before the first publication of notice of the public hearing on such ordinance or by-law required by Section five, but shall apply to any change or substantial extension of such use, to a building or special permit issued after the first notice of said public hearing ... to any alteration of a structure begun after the first notice of said public hearing to provide for its use for a substantially different purpose.” G.L.c. 40A, §6 (emphasis added).
This Court finds that the undisputed evidence shows that on July 17, 1991, the defendants changed the nonconforming use of the premises from a motor vehicle storage/garage to another nonconforming use as a motor vehicle wash. Article 4 of the Somerville Zoning Ordinance states in pertinent part that, “when the prior nonconforming use is changed as of right or by special permit, the land or building may not be used for the prior nonconforming use, or returned to such use except as permitted by this Ordinance.”[9]
Therefore, the defendants are not permitted to use the premises for the prior nonconforming use. Moreover, this Court finds that the auto-repair activities occurring at the premises since February 1, 1998, are of a “substantially different purpose” and are in violation of the Somerville Zoning Ordinance.[10]
Ifi. ORDER
For all the reasons set forth above, it is hereby ORDERED that plaintiff s motion for summary judgment is ALLOWED. Accordingly, this Court ORDERS the defendants to immediately cease and desist from continuing to use the property as an auto repair business, and to comply with all of the existing Som-erville Zoning Ordinances and Licensing Requirements.

 Henry Cournoyer owns the property and Adelson De Oliveira occupies the property.

 Section 7.11: Table of Permitted Uses (Plaintiffs exhibit “C”).

 Plaintiffs exhibit “C.”

 “If a definitive plan, or a preliminary plan followed within seven months by a definitive plan, is submitted to a planning board for approval under the subdivision control law, and written notice of such submission has been given to the city or town clerk before the effective date of ordinance or by-law, the land shown on such plan shall be governed by the applicable provisions of the zoning ordinance or by-law, if any, in effect at the time of the first such submission while such plan or plans are being processed under the subdivision control law . . .” G.L. 40A s. 6(5).

 Plaintiffs exhibit “F,” the City of Somerville Board of Appeals.

 Id. condition 11. The "subject location” was identified as 56 Bonair Street. Although defendants in their written opposition to plaintiffs motion for summary judgment contend that the change in nonconforming use only applies to a portion of 56 Bonair Street, defense counsel conceded at the hearing that the application for the change in nonconforming use did identify the location as 56 Bonair Street. This Court finds that the change in nonconforming usé was applicable to the entire location.

 Defendants claim that the premises was used in part for auto-repair throughout the years and that only a portion of 56 Bonair Street was used for auto detailing. Regardless, the Somerville Appeals Board granted a permit for a change in nonconforming use for 56 Bonair Street. The Court interprets this to mean the entire premises.

 Plaintiffs exhibit “G,” Somerville Zoning Ordinance, Article 4 Nonconforming Uses and Structures. (Emphasis added.)

 The city also alleges that the defendants failed to use the premises as a garage between the years 1991 and 1998 and accordingly, abandoned their prior nonconforming use. G.L.c. 40A, §6 states, “a zoning ordinance or by-law may define and regulate nonconforming uses and structures abandoned or not used for a period of two years or more.”
Since this Court finds that the defendants are in violation of the Somerville Zoning Ordinance and the change in nonconforming use clearly applies to the premises in its entirety, it does not address the issue of abandonment, for it is a moot point.